THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRISEL DE JESÚS MONTALVO,<br><br>**Plaintiff,**<br><br>v.<br><br>MERCK SHARP & DOHME (IA),<br>INC., *et al*,<br><br>**Defendants.** | CIVIL NO. 11-1545(JAG) |

OPINION AND ORDER

GARCÍA-GREGORY, D.J.

Pending before the Court is Merck Sharp & Dohme (IA), Inc. ("Merck IA"), Merck Sharp & Dohme, Corp. ("Merck"), Schering Plough del Caribe, Inc. ("SPC"), and Frank Gutiérrez's ("Gutiérrez") (collectively "Defendants") motion to dismiss Grisel de Jesús Montalvo's ("Plaintiff") claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 21). For the reasons outlined below, the motion is hereby GRANTED.

BACKGROUND

On June 10th, 2011, Plaintiff brought this civil action pursuant to the ADEA, 29 U.S.C. §§ 621-634. (Docket No. 1 ¶ 11). Specifically, Plaintiff alleges she was unlawfully terminated by

**CIVIL NO.** 11-1545 (JAG)                                                    2

Defendants on January 15th, 2010, after almost 22 years of employment. (Id. ¶¶ 25, 28). Defendants, Plaintiff contends, implemented workforce reduction and reorganization policies that had a disparate impact on employees who, like her, were over forty years of age. (Id. ¶ 26).

On the same date of her termination, Defendants offered Plaintiff a termination and release agreement ("Agreement"). (Id. ¶ 31). The Agreement gave Plaintiff forty five days to consider the terms, and expressly advised her to seek legal counsel prior to signing it. (Docket No. 16 Ex. 2 ¶¶ 24, 27). The Agreement also allowed for a seven-day revocation period. (Id.). Plaintiff signed the document on February 25th, 2010, after retaining an attorney. (See Docket No. 29 at 9-10). In exchange for an enhanced severance package, Plaintiff agreed to waive all claims against Defendants, including those under the ADEA. The Agreement also included a tender-back provision triggered if Plaintiff were to commence legal action against Defendants. (Docket No. 16 Ex. 2 ¶¶ 3-5).

On January 12th, 2011, Plaintiff filed a charge of discrimination with the Anti-Discrimination Unit of the Puerto Rico Department of Labor ("UAD"). (Docket No. 1 ¶ 15). The UAD

**CIVIL NO.** 11-1545 (JAG)                                                    3

issued Plaintiff a right-to-sue letter on March 14th, 2011. (Id.).[1]

Pursuant to the ADEA, charges of discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") or a state deferral agency "within 300 days after the alleged unlawful practice occurred…." 29 U.S.C. § 626(d)(1)(B). Given that Plaintiff was terminated on January 15th, 2010, and that she filed her charge of discrimination with the UAD on January 12th, 2011, the filing was made sixty two days after the statutory deadline. (Docket No. 1 ¶ 15). However, Plaintiff contends that the Agreement had a chilling effect on her ability to make the filing prior to January 12th, 2011. (Id.; see also Docket No. 29 at 7). More specifically, she argues that the tender-back provision, the threat of legal action, and her fear that Defendants would cut her benefits or retaliate against her sister, who is employed by Defendants, all hindered her ability

---

[1] All filings in federal court must be made in English. See, e.g., González-De-Blasini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004) (holding that the district court should not have considered Spanish language documents); Puerto Ricans For P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) (holding that the parties were required to provide certified English language translations of every document). The Complaint avers that the UAD issued the right-to-sue letter on March 4, 2011. Although Plaintiff failed to submit a certified translation of the document, which is attached to the Complaint as Exhibit 1, a cursory review thereof reveals that it is dated March 14, 2011. (Docket No. 1 Ex. 1). Nevertheless, Plaintiff is hereby ordered to file certified translations of all Spanish language documents.

**CIVIL NO.** 11-1545 (JAG)                                                   4

to make a timely filing as well as to challenge the validity of the Agreement. (Docket No. 1 ¶¶ 43-45). Plaintiff maintains that this Court should extend the filing period of her ADEA claims based on equitable considerations, and that Defendants are estopped from asserting a statute of limitations defense against her. (Id. ¶¶ 46, 48).

## STANDARD OF LAW

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). While Twombly does not require heightened fact pleading of specifics, it does require enough facts to "nudge [a plaintiff's] claims across the line from conceivable to plausible." 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, the Supreme Court upheld Twombly and clarified the principles that must guide a court's assessment of the adequacy of the plaintiff's pleadings when evaluating whether a complaint can survive a FED. R. CIV. P. 12(b)(6) motion.

See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009). Courts must identify any conclusory allegations in the complaint, as such allegations are not entitled to an assumption of truth. <u>Id.</u> at 1949. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555). A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. <u>Iqbal</u>, 129 S. Ct. at 1949, 1952. Such inferences must be more than a sheer possibility and at least as plausible as any obvious alternative explanation. <u>Id.</u> at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. <u>Id.</u> at 1950.

In <u>Ocasio-Hernández v. Fortuño Burset</u>, the First Circuit analyzed and distilled several principles from the Supreme Court decisions in <u>Twombly</u> and <u>Iqbal</u>. See <u>Ocasio-Hernández v. Fortuño Burset</u>, 640 F.3d 1 (1st Cir. 2011). It thus boiled down to a two-pronged approach the inquiry a court must perform while resolving a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). See <u>id.</u> The first step involves the process of identifying and

disregarding threadbare recitals of the elements of a cause of action and/or legal conclusions disguised as fact. Id. at 12. The second step involves treating the non-conclusory factual allegations as true, even if seemingly incredible, and determining if those "combined allegations, taken as true, state a plausible and not merely a conceivable, case for relief." Id. (quoting Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)).

The First Circuit warned that even if determining the plausibility of a claim "requires the reviewing court to draw on its judicial experience and common sense," it must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. Ocasio-Hernández, 640 F.3d at 13 (quoting Iqbal, 129 S. Ct. at 1950) (other citations omitted). It further stated that "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

### DISCUSSION

**1. Equitable Estoppel and Equitable Tolling**

The ADEA requires that charges of discrimination be filed with the EEOC or a state deferral agency "within 300 days after the alleged unlawful practice occurred, or within 30 days after

receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." 29 U.S.C. § 626(d)(1)(B). However, compliance with this filing period is not a jurisdictional requirement; rather, it is subject to equitable exceptions. Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 752 (1st Cir. 1988).

The First Circuit has identified two distinct doctrines that a plaintiff may invoke when seeking an extension of the statutory filing period. Id. Equitable estoppel, on the one hand, applies "where an employee is aware of his ADEA rights but does not make a timely filing due to his reasonable reliance on his employer's misleading or confusing representations or conduct." Id. (citing Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 60-61 (2nd Cir. 1986)). Under this doctrine, the plaintiff must proffer "[e]vidence of either the employer's improper purpose or his constructive knowledge of the deceptive nature of his conduct…." Id. (citing Price v. Litton Business Systems, Inc., 694 F.2d 963, 965 (4th Cir. 1982)). "[Such] evidence must be in the form of some definite, unequivocal behavior… fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security." Vera v. McHugh, 622 F.3d 17, 30 (1st Cir. 2010) (internal quotation

marks omitted) (citing Clauson v. Smith, 823 F.2d 660, 663 (1st Cir. 1987)).

Equitable tolling, on the other hand, applies to a wider range of situations. Kale, 861 F.2d at 752. Courts consider five factors when evaluating the applicability of this doctrine to a particular case. Id.; see also Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48 (1st Cir. 2005). The factors are: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." Kale, 861 F.2d at 752-53 (citing cases from other jurisdictions). See also Mercado, 410 F.3d at 48. For instance, tolling of the filing deadline may well be appropriate where a plaintiff is unaware of his statutory rights and "such ignorance is caused either by misconduct of an employer or by failure of that employer to conspicuously post the informational EEOC notices required by the ADEA…." Kale, 861 F.2d at 752. However, constructive knowledge of all statutory rights and requirements "is 'attributed' to an employee in situations where he has retained an attorney," thus making tolling inappropriate. Id. at 753 (citing Edwards v. Kaiser Aluminum & Chem. Sales, Inc., 515

F.2d 1195, 1200 n. 8 (5th Cir. 1975)); see also Mercado, 410 F.3d at 49. The burden of persuasion falls on the party seeking application of the equitable tolling doctrine. See I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc., 182 F.3d 51, 54 (1st Cir. 1999); Hernández Arce v. Bacardí Corp., 37 F.Supp.2d 112, 114 (D.P.R. 1999).

It is undisputed that Plaintiff was terminated on January 15th, 2010. (Docket No. 1 ¶ 15). It is equally undisputed that she filed her age discrimination claim with the UAD on January 12th, 2011, three hundred and sixty two days after the alleged unlawful termination took place. (See id.). Nevertheless, Plaintiff contends that this Court should extend the ADEA three-hundred-day filing period based on equitable considerations, and that Defendants are estopped from asserting a statute of limitations defense against her. (Id. ¶¶ 46, 48). Although it is not entirely clear which of these doctrines she is invoking, viewing the record in the light most favorable to her, Plaintiff has failed to show facts that would allow the Court to apply either equitable estoppel or equitable tolling. Therefore, the time limitations imposed by the ADEA cannot be extended and Plaintiff's ADEA claims must be dismissed.

To successfully invoke equitable estoppel, Plaintiff has to make factual allegations that Defendants behaved in a way so as

to purposely or knowingly mislead her, that she relied on their misrepresentations, and that Defendants thus caused her to sleep on her ADEA rights. Kale, 861 F.2d at 752; Vera, 622 F.3d at 30. Plaintiff only proffers two conclusory statements to this effect: (1) that certain provisions of the Agreement are unlawful and, (2) that they were written to mislead and misinform her of her rights under the ADEA. (Docket No. 1 ¶¶ 44-45). Nevertheless, the record shows that Plaintiff had over forty five days to consider the terms of the Agreement and that, more importantly, she obtained legal advice prior to signing it. (See Docket No. 29 at 9-10). Therefore, she must have been informed of her ADEA rights, of the statutory filing requirements, as well as of the alleged unlawfulness of the Agreement's provisions before giving her signature.[2] She similarly failed to take advantage of the seven-day revocation period. (See Docket Nos. 1, 29). With regard to the assertion that the Agreement was written to mislead and misinform her of her ADEA rights, no reasonable inferences may be drawn in Plaintiff's favor precisely because the Agreement advised her to consult with an attorney. (Docket No. 16 Ex. 2 ¶¶ 24, 27). A contract containing unlawful provisions could certainly mislead

---

[2] Plaintiff may not plausibly allege she was misled by the Agreement's unlawful provisions, given the amount of time she and her attorney had to consider the terms, and given that the law is relatively clear with regard to the legality of ADEA waivers. See 29 U.S.C. § 626(f); see also 29 C.F.R. § 1625.22.

or misinform a party without the benefit of legal counsel. However, once a document is examined by an attorney, any provisions contrary to law can be readily identified and, therefore, can no longer be misleading. Absent affirmative misconduct by Defendants, the facts alleged do not merit application of equitable estoppel.

Concerning the equitable tolling doctrine, Plaintiff has failed to allege facts that satisfy the five-factor test outlined above. Kale, 861 F.2d at 752-53. Again, the record shows that she retained counsel prior to signing the Agreement. (See Docket No. 29 at 9-10). Therefore, she at least had constructive knowledge of her ADEA rights, of the filing requirements, and of the alleged unlawfulness of the Agreement's provisions. Furthermore, she filed her charge with the UAD sixty two days after the statutory deadline, a significant delay. (See Docket No. 1 ¶ 15). Plaintiff alleged no facts that support a conclusion that she was otherwise diligent in exercising her ADEA rights. (See Docket No. 1). Finally, she also failed to allege facts with regard to the absence of prejudice to Defendants if this Court were to apply equitable tolling, or facts pertaining to her reasonableness in remaining misinformed about the filing period. (Id.). Consequently, Plaintiff did not

meet her burden of persuading the Court to apply equitable tolling in this case.

### 2.  State Law Claims

A district court has discretion to exercise supplemental jurisdiction over state law claims where both state and federal claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367. See also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Ortiz v. U.S. Gov't, 595 F.2d 65, 71 (1st Cir. 1979). However, where all federal claims are dismissed before trial, the district court should decline to exercise supplemental jurisdiction. Gibbs, 383 U.S. at 726; Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995) (affirming the dismissal without prejudice of supplemental claims when the district court determined no federal question existed far ahead of trial).

Accordingly, Plaintiff's state law claims are dismissed, as well as Defendants' counterclaim and motion for tender back. (Docket Nos. 6, 23).

### CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, (Docket No. 21), is hereby **GRANTED** and Plaintiff's ADEA claims are **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims, as well as Defendants' counterclaim, (Docket No. 6), are

**DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

Plaintiff shall also submit certified translations of all Spanish language documents attached to the complaint, in case appeal is taken. See Footnote 1, *supra*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of June, 2012.

                                        S/ Jay A. García-Gregory
                                         JAY A. GARCÍA-GREGORY
                                        United States District Judge