THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRISEL DE JESÚS MONTALVO,<br><br>**Plaintiff,**<br><br>v.<br><br>MERCK SHARP & DOHME (IA), INC., et al,<br><br>**Defendants.** | CIVIL NO. 11-1545(JAG) |

OPINION AND ORDER

GARCÍA-GREGORY, D.J.

Pending before the Court is Grisel de Jesús Montalvo's ("Plaintiff") motion to alter the judgment dismissing her Age Discrimination in Employment Act ("ADEA") claims, pursuant to FED. R. CIV. P. 59(e). (Docket No. 41). For the reasons outlined below, the motion is hereby DENIED.

DISCUSSION

Rule 59(e) allows a party to file a motion to alter a judgment. FED. R. CIV. P. 59(e). District courts may grant one such motion where it seeks to correct a manifest error of law, present newly discovered evidence, or where there is an intervening change in the applicable law. See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29

(1st Cir. 1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). However, rule 59 motions are "aimed at *re*consideration, not initial consideration." World Univ., 978 F.2d at 16 (emphasis in original) (quoting Harley-Davidson Motor Co. v. Bank of New Eng., 897 F.2d 611, 616 (1st Cir. 1990)). That is, they "may not be used to argue a new legal theory." World Univ., 978 F.2d at 16 (citing F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)); see also Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

Plaintiff asks the Court to alter its judgment dismissing her claims pursuant to the ADEA, 29 U.S.C. §§ 621-634. (See Docket Nos. 39-41). According to Plaintiff, the Court made a manifest error of law "by failing to consider a crucial factual allegation" when determining the timeliness of her ADEA claims. (Docket No. 41 ¶ 2). She refers specifically to paragraph 32 of the complaint, which states in relevant part:

> [B]etween February and June, 2010, two positions within [P]laintiff's same occupational classification became available, that is, within the six (6) months following her termination, but defendants never called [P]laintiff back to offer her any of these positions as compelled by Law 80. This constituted defendants' known last discriminatory act against [P]laintiff.

(Id. ¶ 3). In support of this contention, Plaintiff explains that Puerto Rico's Law 80, P.R. Laws Ann. tit. 29, § 185c

(2009), compels an employer to offer to rehire an employee where a position within her same occupational classification becomes available within six months of her layoff. (<u>Id.</u> ¶ 5). According to Plaintiff, on May 5, 2010 a position became available in her occupational classification. (<u>Id.</u> ¶ 6).[1] This vacancy was filled on May 11, 2010 and, "approximately 246 days after," Plaintiff filed her charge of discrimination with the Anti-Discrimination Unit of the Puerto Rico Department of Labor ("UAD"). (<u>Id.</u> ¶ 7).[2] "[I]f the crux of the matter is timeliness," Plaintiff continues, "the date of that discriminatory act, not contested by defendants, is clearly within the 300 day period." (<u>Id.</u>). Plaintiff argues, then, that an alleged violation of Puerto Rico's Law 80 qualifies as a discrete discriminatory act for the purposes of the ADEA. (<u>Id.</u> ¶¶ 9-11).

We decline to get into the merits of Plaintiff's theory, given that it is the first time it has been presented before the Court. From the start, Plaintiff operated under the assumption that her ADEA claims were time barred. (<u>See</u> Docket No. 1). In the complaint and subsequent filings, Plaintiff's main argument was that the termination agreement she signed had a chilling effect on her ability to file a charge of discrimination with

---

[1] This is the first time that the Court learns of the May 5, 2010 event.
[2] This is the first time that the Court learns of the May 11, 2010 event.

the UAD. (Id. ¶ 43; see also Docket No. 29 at 7). More specifically, she argued that a tender-back provision, the threat of legal action, and her fear that defendants would cut her benefits or retaliate against her sister, who is employed by defendants, all hindered her ability to make a timely filing as well as to challenge the validity of the termination agreement. (Id. ¶¶ 43-45). Accordingly, Plaintiff asked this Court to extend the filing period of her ADEA claims based on equitable considerations, and that defendants be estopped from asserting a statute of limitations defense against her. (Id. ¶¶ 46, 48). Furthermore, in her opposition and her surreply, Plaintiff argued and reargued that equitable tolling of the 300-day filing period was appropriate in this case. (See Docket Nos. 29, 35). After having repeatedly requested application of the equitable tolling doctrine, and having failed to adduce an alternate legal theory, Plaintiff may not *now* argue that a discriminatory act took place within the 300-day filing period and that, therefore, her ADEA claims are timely. (See Docket No. 1).

Secondly, Plaintiff's new theory could have easily been raised before the Court granted defendants' motion to dismiss her ADEA claims, (Docket No. 21). See, e.g., Nat'l Metal Finishing Co., 899 F.2d at 123 ("Rule 59(e) does not allow the losing party… to raise new legal theories that should have been

**CIVIL NO.** 11-1545 (JAG)                                                                 5

raised earlier."). Plaintiff's position with regard to defendants' 12(b)(6) motion was fully briefed. In fact, the Court granted Plaintiff leave to file a surreply, beyond that which is contemplated by the Federal Rules of Civil Procedure. (See Docket No. 35). Plaintiff had plenty of opportunities to present and flesh out her argument that an alleged violation of Law 80 is a discrete discriminatory act for the purposes of an ADEA claim.[3]

Finally, the complaint's paragraph 32, containing the assertion that defendants were compelled by Law 80 to reinstate Plaintiff and that failure to do so constituted defendants' last known discriminatory act, is a legal conclusion. Therefore, under Iqbal, the statement was not entitled to a presumption of truth for the purposes of ruling on a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation.").

---

[3] At any rate, Plaintiff failed to cite to any applicable precedent in favor of this proposition. (See Docket No. 41).

**CIVIL NO.** 11-1545 (JAG)                                               6

## CONCLUSION

For the reasons stated above, Plaintiff's motion to alter judgment, (Docket No. 41), is hereby **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of July, 2012.

S/ Jay A. García-Gregory
JAY A. GARCÍA-GREGORY
United States District Judge
